IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00537-GPG

JAMES G. ARNOLD,

    Plaintiff,

v.

TRIUMPH PROPERTIES, L.L.C., d/b/a Retreat at Harbor Cove,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, James G. Arnold, has filed *pro se* a "Complaint Pursuant to Americans With Disabilities Act: 42 U.S.C. § 2000a-6: et seq." (ECF No. 1).  The court must construe the complaint liberally because Mr. Arnold is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Arnold will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th

Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Arnold fails to provide a short and plain statement of his claims showing he is entitled to relief. He contends he was subjected to discrimination in a place of public accommodation, an assisted living facility in Grand Junction, Colorado, that is owned and operated by Defendant. Although Mr. Arnold references the Americans with Disabilities Act in the complaint, he specifically claims his rights under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a - 2000a-6, have been violated. Title II of the Civil Rights Act of 1964 prohibits discrimination or segregation in places of public accommodation "on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Mr. Arnold does not allege any facts that demonstrate he suffered discrimination on the basis of his race, color, religion, or national origin. To the extent the complaint can be read as asserting claims of discrimination in a place of public accommodation under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-89, Mr. Arnold also fails to allege specific facts that demonstrate he suffered

discrimination on the basis of a disability.  Furthermore, regardless of whether Mr. Arnold is asserting his claims pursuant to Title II of the Civil Rights Act of 1964 or Title III of the ADA, he may not recover damages.  *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401-02 (1968) (per curiam) (Title II of the Civil Rights Act of 1964); *Rhodes v. Southern Nazarene Univ.*, 554 F. App'x 685, 690 (10th Cir. 2014) (Title III of the ADA).  Because an award of damages is the only specific relief Mr. Arnold requests in the complaint, he also fails to provide a short and plain statement of the relief he seeks in this action.

For these reasons, Mr. Arnold will be directed to file an amended complaint.  Mr. Arnold must identify, clearly and concisely, the specific claims he is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Furthermore, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

Accordingly, it is

ORDERED that Mr. Arnold file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Arnold shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov). It is

FURTHER ORDERED that, if Mr. Arnold fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED March 26, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge